DENNIS N. LUECK, JR. (SBN 292414)
dlueck@hinshawlaw.com
HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071
Telephone:  310-680-2800
Facsimile:   310-614-7399

ELVIN I. TABAH (SBN 286369)
etabah@hinshawlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone:  310-909-8000
Facsimile:   310-909-8001

Attorneys for Defendant NAVIENT SOLUTIONS, LLC f/k/a NAVIENT SOLUTIONS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVSION**

| | |
|---|---|
| SIMON SINGH, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>NAVIENT SOLUTIONS, INC., and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. _____<br><br>(Honorable _____,<br>Courtroom "___")<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441, AND 1446**<br><br>Removal Filed:  11/21/18<br>Motion Cut-Off:    Not Set<br>Discovery Cut-Off:    Not Set |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

　　1.　　Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Navient Solutions, LLC f/k/a Navient Solutions, Inc. ("NSL"), hereby removes to

1
NOTICE OF REMOVAL
Case No. _____
302836352v1 1014387

**HINSHAW & CULBERTSON LLP**
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

this Court the above-captioned action from the Superior Court for the State of California, County of Los Angeles. In support of this Notice of Removal, NSL states the following:

## I. STATEMENT OF THE CASE

1. On or about October 11, 2018, Plaintiff Simon Singh ("Plaintiff") filed a civil complaint against NSL in the Superior Court for the State of California, County of Los Angeles, styled as *Simon Singh v. Navient Solutions, Inc.*, Case No. 18STLC12890. A true and accurate copy of Plaintiff's Complaint is attached hereto as Exhibit 1.

2. Plaintiff's Complaint alleges NSL violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. §§ 227, *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788, *et seq.*

## II. BASES FOR REMOVAL

### A. Federal Question Jurisdiction

1. United States district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.[1]

2. The general rule is that a case meets the "arising under" standard if it is apparent that federal law creates the plaintiff's cause of action from the face of the complaint. *See Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 27-28 (1983).

---

[1] NSL reserves the right to seek to compel arbitration to the extent a valid arbitration agreement exists between the parties.

2
NOTICE OF REMOVAL

Case No. _____
302836352v1 1014387

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

this Court the above-captioned action from the Superior Court for the State of California, County of Los Angeles. In support of this Notice of Removal, NSL states the following:

## I. STATEMENT OF THE CASE

1. On or about October 11, 2018, Plaintiff Simon Singh ("Plaintiff") filed a civil complaint against NSL in the Superior Court for the State of California, County of Los Angeles, styled as *Simon Singh v. Navient Solutions, Inc.*, Case No. 18STLC12890. A true and accurate copy of Plaintiff's Complaint is attached hereto as Exhibit 1.

2. Plaintiff's Complaint alleges NSL violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. §§ 227, *et seq*. and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788, *et seq.*

## II. BASES FOR REMOVAL

### A. Federal Question Jurisdiction

1. United States district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.[1]

2. The general rule is that a case meets the "arising under" standard if it is apparent that federal law creates the plaintiff's cause of action from the face of the complaint. *See Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 27-28 (1983).

---

[1] NSL reserves the right to seek to compel arbitration to the extent a valid arbitration agreement exists between the parties.

2
NOTICE OF REMOVAL
Case No. _____
302836352v1 1014387

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

3. The second cause of action in Plaintiff's Complaint alleges violations of a federal statute—namely, the TCPA. *See* Exhibit 1. Plaintiff's action therefore arises under federal law.

4. Accordingly, this Court has federal question jurisdiction over Plaintiff's TCPA claim.

**B. Supplemental Jurisdiction**

1. Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

2. Plaintiff's first cause of action for alleged violations of the RFDCPA relates to the same alleged loan/debt telephone communications, and is based on the same set of factual allegations, as Plaintiff's second cause of action arising under the TCPA. Therefore, Plaintiff's TCPA and RFDCPA claims are so related that they form part of the same case or controversy.

3. Accordingly, this Court has supplemental jurisdiction over Plaintiff's RFDCPA claim.

**III. ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED**

1. 28 U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading …" 28 U.S.C. § 1446(b).

2. This action was commenced in the Superior Court for the State of California, County of Los Angeles, on October 11, 2018. NSL was served on October 22, 2018. A copy of the Notice of Service of Process from NSL's registered agent is attached hereto as Exhibit 2. Removal of this action is timely as

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

3
NOTICE OF REMOVAL

Case No. _____
302836352v1 1014387

this notice is being filed within thirty days of NSL being purportedly served with the Complaint.

3. Additionally, venue properly lies in the Central District of California because the Los Angeles County Superior Court where Plaintiff commenced this action is located within this Court's jurisdiction.

4. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to Plaintiff following the filing of this Notice of Removal, and will be promptly filed with the clerk of the Los Angeles County Superior Court.

5. In submitting this Notice of Removal, NSL reserves all defenses, including but not limited to the right to seek to compel arbitration.

## IV. CONCLUSION

WHEREFORE, NSL hereby removes this action from the Superior Court for the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: November 21, 2018           HINSHAW & CULBERTSON LLP

By: *s/Elvin I. Tabah*
DENNIS N. LUECK, JR.
ELVIN I. TABAH
Attorneys for Defendant NAVIENT SOLUTIONS, LLC f/k/a NAVIENT SOLUTIONS, INC.

4
NOTICE OF REMOVAL
Case No. _____
302836352v1 1014387

**HINSHAW & CULBERTSON LLP**
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

# CERTIFICATE OF SERVICE

*Simon Singh vs. Navient Solutions, Inc., et al.*
Case No. : _____

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 11601 Wilshire Blvd., Los Angeles, California 90025.

On **November 21, 2018**, I served the document(s) entitled, **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441, AND 1446**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

## SEE ATTACHED SERVICE LIST

☐ **(BY MAIL)**: I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **(VIA OVERNIGHT MAIL)**: I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

☐ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☐ **(BY FACSIMILE):** By transmitting an accurate copy via facsimile to the person and telephone number as stated.

☐ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on November 21, 2018, at Los Angeles, California.

_____
Robin Mojica

CERTIFICATE OF SERVICE

Case No. _____
302836352v1 1014387

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

# **SERVICE LIST**

*Simon Singh vs. Navient Solutions, Inc., et al.*
**Case No. : _____**

| | |
|---|---|
| Paul Mankin, Esq. (SBN 264038) <br> Erin Rounds, Esq. (SBN 314457) <br> THE LAW OFFICE OF L. PAUL MANKIN <br> 4655 Cass St, Suite 410 <br> San Diego, CA 92109 <br> Phone: (619) 3.12-6583 <br> Fax: (323) 207-3885 <br> Email:  pmankin@panlmankin.com <br> erounds@paulmanldn.com | Attorneys for Plaintiff SIMON SINGH |

**HINSHAW & CULBERTSON** **LLP**
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

3.     The second cause of action in Plaintiff's Complaint alleges violations of a federal statute—namely, the TCPA. *See* Exhibit 1. Plaintiff's action therefore arises under federal law.

4.     Accordingly, this Court has federal question jurisdiction over Plaintiff's TCPA claim.

### B.     Supplemental Jurisdiction

1.     Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

2.     Plaintiff's first cause of action for alleged violations of the RFDCPA relates to the same alleged loan/debt telephone communications, and is based on the same set of factual allegations, as Plaintiff's second cause of action arising under the TCPA. Therefore, Plaintiff's TCPA and RFDCPA claims are so related that they form part of the same case or controversy.

3.     Accordingly, this Court has supplemental jurisdiction over Plaintiff's RFDCPA claim.

### III.    **ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED**

1.     28 U.S.C. § 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading …" 28 U.S.C. § 1446(b).

2.     This action was commenced in the Superior Court for the State of California, County of Los Angeles, on October 11, 2018. NSL was served on October 22, 2018. A copy of the Notice of Service of Process from NSL's registered agent is attached hereto as Exhibit 2. Removal of this action is timely as

this notice is being filed within thirty days of NSL being purportedly served with the Complaint.

3. Additionally, venue properly lies in the Central District of California because the Los Angeles County Superior Court where Plaintiff commenced this action is located within this Court's jurisdiction.

4. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to Plaintiff following the filing of this Notice of Removal, and will be promptly filed with the clerk of the Los Angeles County Superior Court.

5. In submitting this Notice of Removal, NSL reserves all defenses, including but not limited to the right to seek to compel arbitration.

## IV. CONCLUSION

WHEREFORE, NSL hereby removes this action from the Superior Court for the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: November 21, 2018                HINSHAW & CULBERTSON LLP

By: *s/Elvin I. Tabah*
DENNIS N. LUECK, JR.
ELVIN I. TABAH
Attorneys for Defendant NAVIENT SOLUTIONS, LLC f/k/a NAVIENT SOLUTIONS, INC.

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

# EXHIBIT 1

To: 13232073885
To: 13232073885  From: 10000627605  Date: 10/17/18  Time: 4:10 PM  Page: 02
               From: (4422473714)                   10/17/18 04:10 PM  Page 2 of 6
To: 14422473751  From: 13232073885  Date: 10/11/18  Time: 8:49 AM  Page: 02/14

Paul Mankin, Esq. (SBN 264038)
Erin Rounds (SBN 314457)
The Law Office of L. Paul Mankin
4655 Cass St., Suite 410
San Diego, CA 92109
Phone: (619) 312-6583
Fax: (323) 207-3885
pmankin@paulmankin.com
erounds@paulmankin.com
Attorney for Plaintiff

FILED
Superior Court of California
County of Los Angeles

OCT 11 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
        Ricardo Perez

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES
### LIMITED JURISDICTION

| | |
|---|---|
| SIMON SINGH, an individual, | Case No. **18STLC12890** |
| Plaintiff, | COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE TELEPHONE CONSUMER PROTECTION ACT |
| vs. | |
| NAVIENT SOLUTIONS, INC., and DOES 1 through 10, inclusive, | (Amount not to exceed $10,000) |
| Defendant. | 1. Violation of Rosenthal Fair Debt Collection Practices Act |
| | 2. Violation of Telephone Consumer Protection Act |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2. Plaintiff, Simon Singh ("Plaintiff"), is a natural person residing in Los Angeles County in the State of California and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, Navient Solutions, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect alleged debts, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ. Code §1788.2(c).

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of Section 474 of the California Code of Civil Procedure.

5. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## III. FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. Plaintiff has been receiving frequent calls from Defendant since approximately February 2018.

Complaint - 2

8. On information and belief, Plaintiff receives multiple calls in one day from Defendant on multiple occasions, the intended purpose of which is to frustrate and annoy Plaintiff.

9. Plaintiff told Defendant in or around March of 2018 to stop calling and informed Defendant that it was contacting the wrong person. Plaintiff does not owe a debt to Defendant.

10. As such, Defendant has never had any lawful purpose to be contacting Plaintiff.

11. Rather than stopping calls as requested by Plaintiff, Defendant has continued to place calls to Plaintiff.

12. Any continued calls could only have been placed to Plaintiff for the purpose of harassing him.

13. On information and belief, Defendant contacted Plaintiff using an automatic telephone dialing system.

14. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiff seeking to collect debt allegedly owed by a third party.

15. Plaintiff believes an automatic telephone dialing system was used to contact him because when Plaintiff would answer Defendant's collection calls, Plaintiff was never able to speak with a live representative after he would answer the telephone. Plaintiff would answer the telephone and state a greeting but would not receive a response from Defendant. After several seconds of waiting for Defendant to state a response Plaintiff would disconnect the telephone call.

16. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

Complaint - 3

17. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

18. Since Plaintiff requested that the calls stop and informed Defendant that the calls were unwanted, Defendant does not have express consent to contact Plaintiff on his cellular telephone using an automated telephone dialing system as Plaintiff has revoked whatever consent previously existed.

19. As a result of the above violations of the FDCPA, RFDCPA, and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff reincorporates by reference all of the preceding paragraphs.

21. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

22. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

23. Defendant violated Cal. Civ. Code § 1788.17 when it violated the FDCPA for the reasons set forth in this Complaint.

24. Defendant's conduct violated the RFDCPA in multiple ways, including, but not limited to:

    a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d);

    b) Attempting to collect any amount not authorized by the agreement creating the debt or permitted by law (§ 1692f(1));

    c) Contacting a third party in an attempt to collect the alleged debt (§ 1692b);

    d) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (§ 1692d(5));

25. As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT II: VIOLATION OF THE TELEPHONE CONSUMER PRACTICES ACT

26. Plaintiff incorporates by reference all of the preceding paragraphs.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

28. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

30. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

31. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

B. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

C. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

D. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

E. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

F. Any other relief deemed appropriate by this Court.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this October 5, 2018

By: *[signature]*
Paul Mankin, Esq.
Law Office of L. Paul Mankin
Attorney for Plaintiff

# EXHIBIT 2



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 18861340**
**Date Processed: 10/22/2018**

| | |
|---|---|
| **Primary Contact:** | Matt R Sheldon<br>Navient Corporation<br>2001 Edmund Halley Drive<br>Reston, VA 20191 |
| **Electronic copy provided to:** | Jennifer Malloch |
| **Entity:** | Navient Solutions, Inc.<br>Entity ID Number  3221398 |
| **Entity Served:** | Navient Solutions, Inc. |
| **Title of Action:** | Simon Singh vs. Navient Solutions, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | 18STLC12890 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 10/22/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Paul Mankin<br>619-312-6583 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

# CERTIFICATE OF SERVICE

*Simon Singh vs. Navient Solutions, Inc., et al.*
Case No. : _____

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 11601 Wilshire Blvd., Los Angeles, California 90025.

On **November 21, 2018**, I served the document(s) entitled, **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1367, 1441, AND 1446**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

## SEE ATTACHED SERVICE LIST

☐ **(BY MAIL)**: I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **(VIA OVERNIGHT MAIL)**: I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

☐ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☐ **(BY FACSIMILE):** By transmitting an accurate copy via facsimile to the person and telephone number as stated.

☒ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on November 21, 2018, at Los Angeles, California.

Robin Mojica

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

# **SERVICE LIST**

*Simon Singh vs. Navient Solutions, Inc., et al.*
Case No. : _____

| | |
|---|---|
| Paul Mankin, Esq. (SBN 264038) | Attorneys for Plaintiff SIMON SINGH |
| Erin Rounds, Esq. (SBN 314457) | |
| THE LAW OFFICE OF L. PAUL MANKIN | |
| 4655 Cass St, Suite 410 | |
| San Diego, CA 92109 | |
| Phone: (619) 3.12-6583 | |
| Fax: (323) 207-3885 | |
| Email:  pmankin@panlmankin.com | |
| erounds@paulmanldn.com | |

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000