To: 13232073885
To: 13232073885 From: 10000627605 Date: 10/17/18 Time: 4:10 PM Page: 02
From: (4422473714) 10/17/18 04:10 PM Page 2 of 6
To: 14422473751 From: 13232073885 Date: 10/11/18 Time: 8:49 AM Page: 02/14

Paul Mankin, Esq. (SBN 264038)
Erin Rounds (SBN 314457)
The Law Office of L. Paul Mankin
4655 Cass St., Suite 410
San Diego, CA 92109
Phone: (619) 312-6583
Fax: (323) 207-3885
pmankin@paulmankin.com
erounds@paulmankin.com
Attorney for Plaintiff

**FILED**
Superior Court of California
County of Los Angeles

OCT 11 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Ricardo Perez

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**
**LIMITED JURISDICTION**

SIMON SINGH, an individual,

Plaintiff,

vs.

NAVIENT SOLUTIONS, INC., and DOES 1 through 10, inclusive,

Defendant.

Case No. **18STLC12890**

COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE TELEPHONE CONSUMER PROTECTION ACT

(Amount not to exceed $10,000)

1. Violation of Rosenthal Fair Debt Collection Practices Act
2. Violation of Telephone Consumer Protection Act

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

Complaint - 1

08:57:42 2018-10-11

Opt-Out: Not Defined

## II. PARTIES

2.  Plaintiff, Simon Singh ("Plaintiff"), is a natural person residing in Los Angeles County in the State of California and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.  At all relevant times herein, Defendant, Navient Solutions, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect alleged debts, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ. Code §1788.2(c).

4.  Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of Section 474 of the California Code of Civil Procedure.

5.  Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## III. FACTUAL ALLEGATIONS

6.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7.  Plaintiff has been receiving frequent calls from Defendant since approximately February 2018.

8. On information and belief, Plaintiff receives multiple calls in one day from Defendant on multiple occasions, the intended purpose of which is to frustrate and annoy Plaintiff.

9. Plaintiff told Defendant in or around March of 2018 to stop calling and informed Defendant that it was contacting the wrong person. Plaintiff does not owe a debt to Defendant.

10. As such, Defendant has never had any lawful purpose to be contacting Plaintiff.

11. Rather than stopping calls as requested by Plaintiff, Defendant has continued to place calls to Plaintiff.

12. Any continued calls could only have been placed to Plaintiff for the purpose of harassing him.

13. On information and belief, Defendant contacted Plaintiff using an automatic telephone dialing system.

14. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiff seeking to collect debt allegedly owed by a third party.

15. Plaintiff believes an automatic telephone dialing system was used to contact him because when Plaintiff would answer Defendant's collection calls, Plaintiff was never able to speak with a live representative after he would answer the telephone. Plaintiff would answer the telephone and state a greeting but would not receive a response from Defendant. After several seconds of waiting for Defendant to state a response Plaintiff would disconnect the telephone call.

16. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

17. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

18. Since Plaintiff requested that the calls stop and informed Defendant that the calls were unwanted, Defendant does not have express consent to contact Plaintiff on his cellular telephone using an automated telephone dialing system as Plaintiff has revoked whatever consent previously existed.

19. As a result of the above violations of the FDCPA, RFDCPA, and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff reincorporates by reference all of the preceding paragraphs.

21. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

22. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

23. Defendant violated Cal. Civ. Code § 1788.17 when it violated the FDCPA for the reasons set forth in this Complaint.

24. Defendant's conduct violated the RFDCPA in multiple ways, including, but not limited to:

   a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d);

   b) Attempting to collect any amount not authorized by the agreement creating the debt or permitted by law (§ 1692f(1));

   c) Contacting a third party in an attempt to collect the alleged debt (§ 1692b);

   d) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (§ 1692d(5));

25. As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**COUNT II: VIOLATION OF THE TELEPHONE CONSUMER PRACTICES ACT**

26. Plaintiff incorporates by reference all of the preceding paragraphs.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

28. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

30. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

31. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

B. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

C. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

D. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

E. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

F. Any other relief deemed appropriate by this Court.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this October 5, 2018

By: *[signature]*
Paul Mankin, Esq.
Law Office of L. Paul Mankin
Attorney for Plaintiff

Complaint - 6