DENNIS N. LUECK, JR. (SBN 292414)
dlueck@hinshawlaw.com
HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071
Telephone:    310-680-2800
Facsimile:    310-614-7399

ELVIN I. TABAH (SBN 286369)
etabah@hinshawlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone:    310-909-8000
Facsimile:    310-909-8001

Attorneys for Defendant NAVIENT SOLUTIONS, LLC,
f/k/a NAVIENT SOLUTIONS, LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

**LIMITED JURISDICTION**

| | |
|---|---|
| SIMON SINGH, an individual,<br><br>        Plaintiff,<br><br>   vs.<br><br>NAVIENT SOLUTIONS, INC., and DOES 1 through 10, inclusive,<br><br>        Defendant. | **Case No. 18STLC12890**<br><br>(Assigned to the Hon.<br>Dept. "94")<br><br>**DEFENDANT NAVIENT SOLUTIONS, LLC'S ANSWER TO PLAINTIFF SIMON SINGH'S COMPLAINT**<br><br><br>Complaint Filed:    10/11/18<br>Trial Date:              April 9, 2020 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**COMES NOW**, Defendant NAVIENT SOLUTIONS, LLC, f/k/a Navient Solutions, Inc. (hereinafter "Defendant" or "NSL") hereby answers Plaintiff SIMON SINGH's (hereinafter "Plaintiff") Complaint as follows:

1

ANSWER TO COMPLAINT

302860573V1 1014387

1. Pursuant to the provisions of Section 431.30(b) of the *Code of Civil Procedure*, NSL denies each and every allegation contained in the Complaint and each and every part thereof.

2. Defendant further denies that Plaintiff has been injured or damaged in the manner or amount alleged or in any other manner or sum whatsoever, by reason of any act, omission, fault, conduct or liability on the part of Defendant, whether alleged or otherwise. Defendant denies that any sum or sums whatsoever are due and owing from Defendant to Plaintiff or that Plaintiff is entitled to any damage or other relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth facts sufficient to state a claim against Defendant for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that recovery from Defendant would result in Plaintiff's unjust enrichment.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any damages as a result of the matters alleged in the Complaint, which Defendant denies, Plaintiff failed to mitigate those damages and his claims are therefore barred in whole or in part.

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

302860573V1 1014387

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing under Article III of the United States Constitution to bring the instant claims against Defendant because he has not sustained any cognizable injury or damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries (emotional, psychological, and otherwise) are unrelated to the alleged conduct by Defendant, and resulted from acts, occurrences, and conditions for which Defendant are not liable or responsible.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff did not sustain any loss.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from any recovery from Defendant for a willful or knowing violation of the TCPA because any such violation, which Defendant denies, was not willful or knowing.

### TWELFTH AFFIRMATIVE DEFENSE

Any violation of the Rosenthal Act, which Defendant denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are speculative and form no basis for recovery.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from maintaining his alleged claims because he provided "prior express consent" within the meaning of the TCPA for the calls allegedly made to his cellular telephone number(s).

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Defendant made calls while servicing federal student loan(s) owned or guaranteed by the United States, Plaintiff's TCPA claim is barred in whole or in part by The Bipartisan Budget Act of 2015.

### SIXTEENTH AFFRMATIVE DEFENSE

Plaintiff was not "charged" for any of the alleged calls as required by 47 U.S.C. § 227(b)(1)(A)(iii).

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff obtains any recovery, Defendant is entitled to an offset with respect to any amounts due and owing to Defendant.  Defendant is also entitled to an offset, in whole or part, for any amounts received by Plaintiff from others for the damages alleged in the Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

All claims alleged by Plaintiff are subject to a binding contractual arbitration agreement, to the extent such agreement exists, thereby compelling arbitration of this dispute and further requiring dismissal of this action.  Defendant reserves the right to compel arbitration.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are barred, in whole or in part, to the extent they are preempted by the Higher Education Act of 1965, as amended, and applicable U.S. Department of Education regulations relating to the servicing of federal student loans.

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge and information on which to form a belief as to whether additional, as yet unstated, affirmative defenses may exist. Defendant therefore reserves the right to assert additional affirmative defenses in the event that discovery indicates that such defenses would be appropriate.

DATED: November 21, 2018

HINSHAW & CULBERTSON LLP

By: _____
ELVIN I. TABAH
Attorneys for Defendant NAVIENT SOLUTIONS, LLC,
f/k/a NAVIENT SOLUTIONS, LLC

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

5
ANSWER TO COMPLAINT

302860573V1 1014387

# PROOF OF SERVICE

*Simon Singh vs. Navient Solutions, Inc., et al.*
**Case No. 18STLC12980**

(STATE OF CALIFORNIA, COUNTY OF LOS ANGELES)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within actions; my business address is 11601 Wilshire Blvd., Los Angeles, California 90025.

On **November 21, 2018,** I served the document(s) entitled **DEFENDANT NAVIENT SOLUTIONS, LLC'S ANSWER TO PLAINTIFF SIMON SINGH'S COMPLAINT** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below**:**

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)**: I placed the envelope for collection and mailing at Los Angeles, California. The envelope was mailed with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE TRANSMISSION)**: I caused a true copy thereof from sending facsimile machine telephone number 310-909-8001 to be sent via facsimile to the above listed names and facsimile numbers and received confirmed transmission reports indicating that this document was successfully transmitted to the parties named above.

☒ **(VIA OVERNIGHT MAIL)**: I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

☐ (**BY E-MAIL OR ELECTRONIC TRANSMISSION**): Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person[s] at the e-mail address[es] set forth herein. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. See Cal.R.Ct.R. 2060

☐ **(BY HAND DELIVERY)**: I caused to be delivered by hand each sealed envelope to the addressee(s) mentioned in the attached service/mailing list.

☐ **(BY PERSONAL SERVICE)**: I caused such envelope to be delivered to a commercial messenger service with instructions to personally deliver same to the offices of the addressee as shown on the attached mailing list on this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on **November 21, 2018**, at Los Angeles, California.

_____
Robin Mojica

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

# SERVICE LIST

*Simon Singh vs. Navient Solutions, Inc., et al.*
**Case No. 18STLC12980**

| | |
|---|---|
| Paul Mankin, Esq. (SBN 264038)<br>Erin Rounds, Esq. (SBN 314457)<br>THE LAW OFFICE OF L. PAUL MANKIN<br>4655 Cass St, Suite 410<br>San Diego, CA 92109<br>Phone: (619) 3.12-6583<br>Fax: (323) 207-3885<br>Email: pmankin@panlmankin.com<br>erounds@paulmanldn.com | Attorneys for Plaintiff SIMON SINGH |

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

1
SERVICE LIST

302860573V1 1014387